IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN HENDRIKS,<br><br>               Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE CO., a Michigan Corporation, and NEMANI R. TIUSAVURA,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT<br><br><br>Case No. 2:18-CV-638 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court. Defendants have failed to respond and the time for doing so has expired. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff initially filed this matter against Defendant Auto-Owners Insurance Co. ("Auto-Owners") in state court. Plaintiff asserted a breach of contract claim against Auto-Owners, his insurer, as a result of its alleged failure to compensate Plaintiff under his uninsured motorist insurance policy after Plaintiff was injured by an uninsured motorist. Plaintiff is a Utah resident and Defendant has its principal place of business in Michigan. Auto-Owners removed this action based on diversity jurisdiction.

After removal, Plaintiff filed an Amended Complaint adding Nemani R. Tiusavura as a defendant. Mr. Tiusavura was the driver of the vehicle that struck Plaintiff, allegedly causing the injuries that gave rise to his original claim against Auto-Owners. Plaintiff's Amended Complaint

1

adds a claim against Mr. Tiusavura for negligence. Mr. Tiusavura is a Utah resident. Plaintiff now seeks remand based on a lack of diversity.

## II. DISCUSSION

As stated, Plaintiff filed an Amended Complaint adding a non-diverse party after this action was removed. 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Here, Plaintiff filed his Amended Complaint within the time authorized by Federal Rule of Civil Procedure 15(a)(1) and, under that rule, did not need authorization from the Court. However, this does not alter the Court's analysis under § 1447(e). The Court retains the discretion to reject a post-removal joinder that implicates § 1447(e), even if the joinder was without leave of the Court.[1]

Although § 1447(e) provides no standard for when the Court should permit or deny joinder, the Tenth Circuit has looked to Federal Rules of Civil Procedure 19 and 20.[2] If a party is indispensable under Rule 19, the Court must either "join the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the

---

[1] *See Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999); *see also Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (rejecting "assumption that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action"); *Reigel v. Canyon Sudar Partners, L.L.C.*, No. 07-cv-00595-MSK-MJW, 2007 WL 3274430, at *2 (D. Colo. Nov. 5, 2007) ("Like the Fourth Circuit, this Court concludes that, in a removed case, a plaintiff cannot file an amended complaint without leave of the Court if doing so would destroy diversity jurisdiction. This is because, as the Tenth Circuit acknowledged in *Pfeiffer*, a plaintiff cannot force a remand simply by amending its complaint without leave of the court."); 6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 1477 (3d. ed.) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.").

[2] *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

2

action be dismissed."³ "If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court."⁴ "In exercising this discretion, the district court 'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .'"⁵ "If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it 'may deny joinder.'"⁶

The Court need not conclusively determine whether Mr. Tiusavura is an indispensable party. Even assuming that he is not, the Court will allow amendment under Rule 20(a)(2). There is no evidence of undue prejudice, there is no evidence of undue delay, and there is no evidence to suggest Plaintiff's amendment was not offered in good faith. Therefore, the Court will permit amendment, which requires remand.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand to State Court (Docket No. 10) is GRANTED. The Clerk of the Court is directed to remand this matter to the Third Judicial District Court in and for Salt Lake County, State of Utah.

---

³ *Id.*

⁴ *Id.* at 951–52.

⁵ *Id.* at 952 (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir 1984) (alterations in original).

⁶ *Id.* (quoting 28 U.S.C. § 1447(e)).

DATED this 16th day of October, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge